**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | **Case No. 08 CR 777-1** |
| ) | |
| **FILIBERTO HINOJOSA** ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In 2009, Filiberto Hinojosa pled guilty to a narcotics conspiracy charge involving a very large quantity of cocaine. His plea agreement established that he regularly dealt in wholesale quantities of cocaine. And this was not Hinojosa's first conviction: he had three previous federal convictions for narcotics dealing.

Due to his criminal record, Hinojosa was characterized as a "career offender" under the Sentencing Guidelines. The crime to which he pled guilty carried a ten-year mandatory minimum prison term. The sentencing judge, who has since retired, imposed a 262-month prison sentence (a little under twenty-two years), the low end of the Guidelines advisory range.

Hinojosa is now seventy years old. He has been in custody continuously since October 1, 2008 and thus has served a little over twelve years in prison—to be precise, just short of 148 months. This means he has served a little over fifty-six percent of his overall sentence. His anticipated release date is not until September 2027, at which point he will be seventy-seven years old. Upon release, Hinojosa will be deported to Mexico, as he is a non-US citizen and not legally in the country, having illegally reentered the US after he was deported in 2005.

Hinojosa, who is incarcerated at CI North Lake, a private prison under contract to the Bureau of Prisons, has filed a motion for early release under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling reasons" warranting a reduction. As amended, and as applicable here, the statute provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The parties agree that Hinojosa has satisfied the statute's administrative exhaustion requirement. In addition, the government does not dispute that there are "extraordinary and compelling reasons" that permit a sentence reduction. Specifically, Hinojosa is seventy years old and he suffers from, among other conditions, Type II diabetes. These conditions and Hinojosa's poor health generally make it far more likely

2

that he will have a bad outcome if he contracts the coronavirus. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Nov. 28, 2020).

Third, a reduction of Hinojosa's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." The policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Hinojosa. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.); *cf. United States v. Gunn*, No. 20-1959, 2020 WL 6819355, at *2 (7th Cir. Nov. 20, 2020) (court may rely on pre-First Step Act policy statements by Sentencing Commission in determining what constitutes an extraordinary and compelling reason warranting release).

Finally, section 3582(c)(1)(A) requires the Court to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). These include Hinojosa's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Hinojosa; and providing him with any necessary services and treatment.

The amount of time served to date by Hinojosa likely does not adequately account for the seriousness of his offense; the sentencing judge concluded as much when he imposed a 262-month prison sentence. Hinojosa was classified as a "career offender" under the Sentencing Guidelines. This is also true in the commonly understood meaning

3

of that term: he was convicted of narcotics-dealing crimes in 1991 and 1993, serving terms of incarceration both times; was deported from the United States in 1993; illegally re-entered the country in 1997; was again convicted of narcotics dealing in 1999; served another prison sentence and was deported, again, in 2005; and then again illegally re-entered the country in 2007 and began his participation in the drug-dealing conspiracy that landed him in prison yet again. This is quite a dismal record, and Hinojosa richly deserved a very stiff sentence.

On the other hand, Hinojosa is now an old man, and not in good health. Although his present case involved a very serious crime, it would be difficult to say that serving over twelve years in a federal prison is light punishment. And although it is far less than the sentencing judge expected him to serve, matters have changed significantly since then. Hinojosa is now exposed to a highly infectious virus, the spread of which is almost certainly increased in a prison environment. He is unquestionably at risk of a severe outcome if he contracts the virus.

It is highly unlikely that Hinojosa will have the same opportunities to get involved in drug dealing at age seventy that he did at when he was in his late fifties, when he committed his most recent crimes. And it is a certainty that he will be taken into Department of Homeland Security custody and deported to Mexico following his release from the Bureau of Prisons. For this reason, it is highly unlikely that Hinojosa will, in the future, pose any danger to the community in this country. Under the circumstances, a reduction of his sentence is warranted.

## Conclusion

For the reasons stated above, the Court grants defendant Filiberto Hinojosa's motion for compassionate release [460] [462]. The Court reduces the defendant's

4

prison sentence to time served. This reduction is conditioned as follows: Hinojosa is to be surrendered to the custody of the Department of Homeland Security pending his deportation. In addition, the defendant's release from the Bureau of Prisons is stayed for fourteen days so that he may be quarantined prior to his transfer to Department of Homeland Security custody. The Clerk will prepare an amended judgment and commitment order.

Date: January 19, 2021

_____
MATTHEW F. KENNELLY
United States District Judge